IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BERTHA MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. C-06-462 |
| MERCK & CO., INC., | § | |
| AMERISOURCEBERGEN DRUG | § | |
| CORPORATION, and DANIEL MURO, | § | |
| M.D., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiff's Motion to Remand the above-styled action for lack of subject matter jurisdiction. (D.E. 5, 6.) For the reasons stated herein, the Court GRANTS Plaintiff's motion, and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 06-09-45037-CV.

**I.   Factual and Procedural Background**

Plaintiff Bertha Martinez ("Plaintiff") filed her Original Petition in state court on September 14, 2006. (D.E. 1, Notice of Removal, ¶ 1; Exh. B to Notice of Removal, Plaintiff's Original Petition ("Petition")). Plaintiff alleges that Defendants Merck & Co., Inc. ("Merck") and AmerisourceBergen Drug Corporation (collectively the "Drug Defendants") manufactured, marketed, promoted, sold, and distributed Vioxx (Rofecoxib), a prescription

drug designed to treat pain. (Petition, ¶ VII). Plaintiff alleges that she took Vioxx for pain relief, and as a result of her ingestion of Vioxx, "suffered from complications which led to serious and life-threatening injuries". (Petition, ¶ VI). Plaintiff alleges several causes of action against the Drug Defendants, including negligence, fraud, and breach of warranties. (Petition, ¶¶ VII-XII).

Plaintiff alleges that Daniel Muro, M.D., prescribed Vioxx to her, and that Dr. Muro failed to warn and/or negligently prescribed Vioxx to Plaintiff. (Petition, ¶ XII). Plaintiff also claims that Dr. Muro failed to properly monitor the effects of Vioxx on her, and that Dr. Muro failed to offer a safer alternative to treat her. (Petition, ¶ XII).

Merck was served with Plaintiff's Original Petition on September 21, 2006. (Notice of Removal, ¶ 2.)  On September 21, 2006, Merck, with the consent of AmerisourceBergen, removed the action to this Court, alleging diversity jurisdiction.  (Notice of Removal, ¶¶ 2-3; Exh. G to Notice of Removal (Consent of AmerisourceBergen)). See 28 U.S.C. § 1332.  Merck claims that the amount in controversy exceeds the jurisdictional requirement of $75,000, and the parties are diverse because Plaintiff is a citizen of Texas and all properly-joined Defendants are citizens of different states.  (Notice of Removal, ¶¶ 3, 9-14).  Merck acknowledges that one of the Defendants, Daniel Muro, M.D., is also a Texas citizen, but Merck argues that Dr. Muro was improperly

joined to defeat diversity. (Notice of Removal, ¶ 14). On October 19, 2006, the Plaintiff filed a "Motion to Remand" (D.E. 5, 6) the case for lack of subject matter jurisdiction. For the reasons stated below, the Court finds that Dr. Muro was properly joined, and that the Court lacks subject-matter jurisdiction over this action.

## II. Discussion

### A. Improper Joinder

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005). As there is no allegation of actual fraud in Plaintiff's Original Petition, Merck establishes improper joinder by demonstrating that there is no possibility of recovery by Plaintiff against nondiverse Defendant Dr. Muro. See Crockett, 436 F.3d at 532. The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the

Federal Rules of Civil Procedure. The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d at 573. The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [her state law] claim, but look[s] only for a possibility that the plaintiff might do so." Guillory, 434 F.3d at 308. Ordinarily, if the plaintiff can survive the Rule 12(b)(6) type challenge, there is no improper joinder. See Smallwood, 385 F.3d at 573. If Merck fails to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. See 28 U.S.C. §§ 1332, 1447(c).

Plaintiff claims in her Original Petition that Dr. Muro "negligently prescribed" Vioxx to Plaintiff Bertha Martinez and/or failed to warn her about Vioxx's known side effects. (Petition, ¶ XII). As noted above, as long as Plaintiff could conceivably recover damages from nondiverse Defendant Dr. Muro, the action must be remanded.

### B.  Plaintiff's Original Petition Pleads a Medical Malpractice Claim Against Dr. Muro

Under Texas law, the elements of a medical malpractice claim

are as follows:

    (1)   a duty owed by the defendant physician to the plaintiff;
    (2)   a breach that duty;
    (3)   injury or harm to the plaintiff; and
    (4)   a causal connection between the breach and the injury or harm.

See Hollis v. United States, 323 F.3d 330, 336 (5th Cir. 2003) (citing Urbach v. United States, 869 F.2d 829, 831 (5th Cir. 1989)).

Plaintiff specifically alleges the following regarding Defendant Dr. Muro:

> Defendant DANIEL MURO, M.D., prescribed Vioxx® (Rofecoxib) to Plaintiff. Defendant DANIEL MURO, M.D. failed to warn and/or negligently prescribed the medication Vioxx® (Rofecoxib) to Plaintiff BERTHA MARTINEZ. Defendant doctor failed to properly monitor the effect of the drug on Plaintiff and failed to offer a safer alternative drug to treat Plaintiff.

(Petition, ¶ XII).

Under Texas law, this type of affirmative act – prescribing medication – gives rise to a physician-patient relationship, which also gives rise to a duty on the part of the physician to "treat [the patient] with the skills of a trained, competent professional, and a breach of that duty may give rise to a malpractice action." Gross v. Burt, 149 S.W.3d 213, 221-22 (Tex. App.--Fort Worth 2004) (citing Reynosa v. Huff, 21 S.W.3d 510, 513 (Tex. App.--San Antonio 2000)). Furthermore, the physician "assumes the duty to warn the patient of dangers associated with a particular prescribed drug." Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455, 462 (Tex. App.--Austin 2000). Accordingly, Plaintiff sufficiently pleads the first

element of a medical malpractice claim in her Original Petition. (Petition, ¶ XII).  Moreover, by its very definition, a claim of negligence is a claim that Dr. Muro breached his duty to Plaintiff, by not exercising the applicable standard of care.  See, e.g., Dunnings v. Castro, 881 S.W.2d 559, 561 (Tex. App.--Houston 1994) (stating that "[n]egligence is defined as conduct that falls below the standard established by law for the protection of others against unreasonable risk of harm"); Karnes City v. Kendall, 172 S.W.3d 624, 629 (Tex. App.--San Antonio 2005) (same).  Therefore, Plaintiff also adequately pleads the second element of a medical malpractice claim.  (Petition, ¶ XII).  Likewise, Plaintiff sufficiently pleads the third and fourth elements of a medical malpractice claim, because she alleges that her life-threatening injuries were caused by Vioxx negligently prescribed by Dr. Muro. See Hollis, 323 F.3d at 336; Petition, ¶ VI, XII.

Accordingly, in her Original Petition, Plaintiff adequately pleads a cause of action against Dr. Muro for medical malpractice under Texas law.[1]

---

[1] Of note, Merck argues that Plaintiff cannot recover against Dr. Muro because she claims that the Drug Defendants concealed Vioxx's dangers, accordingly Dr. Muro could not have known of the problems associated with Vioxx. (Notice of Removal, ¶ 17, 20). However, Rule 48 of the Texas Rules of Civil Procedure allows parties to plead alternate theories of recovery, even if the allegations are inconsistent with one another. See Tex. R. Civ. P. 48 ("A party may also state as many separate claims or defenses as he has regardless of consistency"); see also Texas Gen. Indemnity Co. v. Sheffield, 439 S.W.2d 431, 434-35 (Tex. Civ. App. 1969) ("there were two alternative and inconsistent allegations in the plaintiff's former petition ... [s]uch pleading is permitted by

C.  **Cases Involving Physicians**

In support of removal, Merck cites cases where courts denied remand upon finding that nondiverse physicians were improperly joined. (Notice of Removal, ¶ 16). These cases are all distinguishable from the instant case. For example, in Pikul v. Merck & Co., Inc., Civil Action No. H-03-3656 (S.D. Tex. Aug. 18, 2004), the plaintiff referred to the prescribing doctors "only in the petition's introduction of the parties", and the plaintiff claimed "that he adequately pleaded his claims [solely] by stating [the decedent's] dosage information." Id. at p. 3.[2] In Estate of Flores v. Merck & Co., Inc., Civil Action No. C-03-362 (S.D. Tex. Mar. 15, 2004), the only allegation that directly referred to the prescribing doctor was that "Plaintiff Decedent was prescribed Vioxx by defendant Dr. Fuentes" (no specific allegation that the doctor negligently prescribed Vioxx to the patient). Id. at p. 2. Likewise, in Benavides v. Merck & Co., Inc., Civil Action No. L-03-134 (S.D. Tex. Feb. 24, 2004), the court noted that: (1) the only time the plaintiffs referred to the physicians by name was when

---

Rule 48, Texas Rules of Civil Procedure. An alternative statement in a pleading in conflict with other allegations in the same pleading does not constitute an admission.").

[2] Moreover, the court in Pikul dismissed the plaintiff's case against one of the prescribing doctors because the plaintiff did not provide an expert report within 180 days of filing suit in state court. See id. at p. 1. This is not applicable to the instant litigation, where the plaintiff filed suit less than thirty days before Merck removed the case to this Court. (Notice of Removal, ¶ 1).

alleging jurisdictional facts; and (2) the plaintiffs did not allege that the physicians "treated Ms. Gutierrez, prescribed Vioxx to Ms. Gutierrez, ... gave her samples of the drug ... [or] had any interaction with [Ms. Gutierrez.]" Id. at pp. 2, 6. Additionally, this Court has reviewed other cases dealing with the same issue. E.g., Eller v. Merck & Co., Inc., Civil Action No. C-04-096 (S.D. Tex. Jan. 7, 2005) (The court remanded the action upon finding that the nondiverse physician was properly joined.); Garza v. Heart Clinic, P.A., Civil Action No. M-03-087 (S.D. Tex. July 31, 2003) (same); Denny v. Merck & Co., Inc., Civil Action No. 03-510 (E.D. Tex. Apr. 19, 2004) (same).

This Court finds that the instant action is distinguishable from cases where courts found improper joinder. As noted above, this Court concludes that Plaintiff adequately pleads a cause of action for medical malpractice against nondiverse Defendant Dr. Muro. Accordingly, the Court concludes that the prescribing physician in this case was not improperly joined.[3]

---

[3] Although the Court finds that removal was improper in this case, the Court DENIES Plaintiff's request for attorney's fees and costs. (D.E. 6 at ¶ 15.) The Court finds that Merck had a reasonable belief that removal might be proper in this case. See, e.g., Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000).

### III. <u>Conclusion</u>

For the reasons stated above, Defendant Merck has not met its heavy burden of showing improper joinder.  Therefore, the Court does not have subject matter jurisdiction over this action.  Accordingly, the Court GRANTS Plaintiff's Motion to Remand (D.E. 5) and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th Judicial District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 06-09-45037-CV.

SIGNED and ENTERED this 24th day of October, 2006.

_____
            Janis Graham Jack
      United States District Judge